COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Interest of A.C., K.L.C. III and L.C.

Appellate case number:   01-20-00002-CV

Trial court case number:  18CP0096

Trial court:                      306th District Court of Galveston County

K.L.C. II, Father, appeals the termination of his parental rights to A.C., K.L.C. III, and L.C.  Father's appointed attorney has filed a brief in which she concludes that, after a review of the record and pertinent law, the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals").  Father did not file a pro se response.

Under *Anders*, if an appointed attorney concludes after reviewing the record and applicable law that the appeal is without merit, he must advise the court, file a motion to withdraw, and file a brief discussing any issue that might arguably support the appeal.  *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014).   The appellate court must then perform an independent examination of the record and the law to determine whether appeal is frivolous.  *See Anders*, 386 U.S. at 744.  The question before us is not who will ultimately prevail but instead whether any non-frivolous issue exists.  If the court determines that there are arguable issues, it must abate the appeal and remand with orders for the trial court to appoint new counsel.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

After examining the record and applicable law, the Court has determined that a nonfrivolous issue may exist. For instance, on appeal, the Father could potentially bring a nonfrivolous challenge concerning the legal and factual sufficiency of the evidence supporting the trial court's section 161.001(b)(1)(D) finding. *See* TEX. FAM. CODE § 161.001(b)(1)(D). Accordingly, the court strikes appellant's brief, grants the motion to withdraw, abates the appeal, and remands the case to the trial court for appointment of new counsel. Father's brief will be due within 30 days after new counsel is appointed.

It is so ORDERED.

Judge's signature: ____/s/ Sherry Radack_____
☒ Acting individually ☐ Acting for the Court

Date: ___April 7, 2020___